IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INFORMATION |
| ) | |
| Plaintiff, ) | 1:19 CR 166 |
| ) | |
| v. ) | CASE NO. _____ |
| ) | Title 18, United States Code, |
| WILLIAM KOZERSKI, ) | Section 1343 |
| ) | |
| Defendant. ) | |

JUDGE POLSTER

<u>GENERAL ALLEGATIONS</u>

At all times relevant to this Information, unless otherwise specified:

1. The United States Department of Veterans Affairs ("the VA") was a department of the United States government.

<u>The Service-Disabled Veteran-Owned Small Business Program</u>

2. Congress established programs to assist service-disabled veterans, including the Service-Disabled Veteran-Owned Small Business program ("SDVOSB"). The program allowed Federal contracting officers to restrict competition for certain contracts to SDVOSBs.

3. In order to participate in the SDVOSB program and bid on SDVOSB set-aside contracts, a service-disabled veteran ("SDV") had to meet the following criteria:

   (1) Have a service-connected disability determined by the Department of Veterans' Affairs ("the VA" or "VA") or Department of Defense ("DoD");

   (2) Unconditionally own 51% of the SDVOSB, in which ownership was direct;

(3) Receive 51% of profits and/or the annual distribution profits paid on the stock for the SDVOSB;

(4) Control the day-to-day management, daily operations, and long term decision making of the SDVOSB;

(5) Hold the highest officer position in the SDVOSB, to include control of the board of directors, if applicable; and

(6) The business must be small under size requirements set by SBA for the particular NAICS code assigned to the procurement.

4. Federal departments and agencies, including the VA, relied on the accuracy and honesty of self-certifications by the SDVOSBs that they were, in fact, owned and controlled by a SDV and otherwise met the eligibility requirements for an SDVOSB contract.

5. SDVOSBs were required to regularly submit certifications regarding their eligibility to participate in the program. SDVOSBs submitted these certifications through on-line services, including the Central Contractor Registry (CCR), the Online Representations and Certifications Application (ORCA), the VA's Center for Veterans Enterprises ("vetbiz.gov"), and, after July 2012, the System for Award Management ("SAM").

6. The CCR server was located in Battle Creek, Michigan.

7. The ORCA server was located in Sterling, Virginia.

8. Once an SDVOSB was awarded a federal contract the SDVOSB submitted invoices to the VA's Financial Service Center ("FSC") in Texas.

9. In 2009 and 2010, the VA solicited bids for the following SDVOSB set-aside contracts:

      a.      The Cleveland Veterans Affairs Medical Center ("VAMC) Pharmacy Expansion Project;

      b.      The Cleveland VAMC General Renovations Project;

      c.      The Detroit VAMC Pharmacy Mixing Room Project;

      d.      The Ann Ann Arbor VAMC Radiology Project;

      e.      The Ann Arbor VAMC Linear Accelerator Project; and

      f.      The Ann Arbor Site Security Lighting Project.

10.    Bidding on these projects was limited to qualified SDVOSBs.

### Defendant and CA Services

11.    CA Services was a limited liability company incorporated in the State of Michigan. CA Services was engaged in general construction and government contracting services and did business in Michigan, Cleveland, Ohio, area and elsewhere.

12.    Defendant WILLIAM KOZERSKI and CA Services held out Service Disabled Veteran 1 ("SDV1) as the owner and primary point of contact for CA Services, when, as Defendant well knew, SDV1 was not the owner of CA Services, SDV1 did not control the day-to-day management of CA Services, and SDV1 did not receive 51% or greater of CA Services' profits.

### COUNT 1
(18 U.S.C. §1343)

The United States Attorney charges:

13.    The allegations set forth in paragraphs 1 through 12 of this Information are realleged and incorporated by reference as if fully set forth herein.

## The Scheme to Defraud

14. From in or around January 2007, and continuing to in or around February 2015, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant WILLIAM KOZERSKI and others known and unknown to the United States Attorney devised a scheme to defraud and to obtain property by means of false and fraudulent pretenses, representations, and promises by unlawfully obtaining the following VA contracts under the SDVOSB program:

| Contract | Original Contract Award Amount | Award Date | Amount paid to CA Services |
|---|---|---|---|
| Detroit VAMC Pharmacy Mixing Room Project | $655,447 | March 16, 2009 | $750,966.72 |
| Ann Arbor VAMC Radiology Construction | $431,000 | June 19, 2009 | $494,065.15 |
| Cleveland VAMC Pharmacy Expansion | $3,700,000 | September 29, 2009 | $4,469,644.74 |
| Ann Arbor VAMC Site Security Lighting | $151,000 | June 4, 2010 | $161,485.65 |
| Cleveland VAMC General Renovations | $1,720,000 | June 9, 2010 | $1,972,295.77 |
| Ann Arbor VAMC Linear Accelerator | $2,645,000 | June 25, 2010 | $4,042,785.42 |
| Total | $9,302,447 | | $11,891,243.45 |

15. It was part of the scheme that Defendant, and others, fraudulently claimed that CA Services met the requirements of an SDVOSB and participated in an ongoing scheme to defraud by making false and fraudulent representations to the VA that CA Services met the requirements of an SDVOSB. Defendant knew throughout the execution of the scheme that no one at CA Services was a SDV and that SDV1 did not actually have a role in the operations of CA Services.

4

16. In furtherance of the scheme to defraud, Defendant and one or more of his co-conspirators committed overt acts in the Northern District of Ohio, Eastern Division, and elsewhere, including the following:

a. On or about July 28, 2008, Defendant and others registered CA Services in the ORCA database. As part of this registration, Defendant acknowledged the requirements for an SDVOSB and identified SDV1 as the primary point of contact, with Defendant and J.M. as the alternate point of contacts. The email address and physical addresses for SDV1, Defendant, and J.M. were all the same (contracting@c-a-services.net and 340 Bagley St., Pontiac, MI 48341).

b. On or about July 31, 2008, Defendant and his co-conspirators falsely reported in CA Services' VetBiz registration that SDV1 was the owner of CA Services.

c. On or about March 2, 2009, Defendant and his co-conspirators, in support of CA Services application for VA set-aside contract #251C0517 (Detroit VAMC Pharmacy Mixing Room Project), falsely represented that CA Services qualified as an SDVOSB. Based on these false and fraudulent representations, the VA awarded CA Services with this contract.

d. On or about June 5, 2009, Defendant his co-conspirators, in support of CA Services application for VA set-aside contract #251C0570 (Ann Arbor VAMC Radiology Construction Project), submitted false and fraudulent documents, falsely representing that CA Services qualified as an SDVOSB and purportedly signed by SDV1 on behalf of CA Services, when, in fact, SDV1 had not signed the document and had no knowledge or involvement in soliciting this SDVOSB set-aside contract. Based on these false and fraudulent representations, the VA awarded CA Services this contract.

e. On or about September 2, 2009, Defendant and his co-conspirators falsely certified in ORCA that CA Services qualified as an SDVOSB and identified SDV1 as the point of contact for CA Services, even though, and as Defendant well knew, SDV1 had no role in CA Services.

f. On or about September 23, 2009, Defendant and his co-conspirators, in support of CA Services application for VA set-aside contract #250C0454 (Cleveland VAMC Pharmacy Expansion Project), submitted false and fraudulent documents, falsely representing that CA Services qualified as an SDVOSB and purportedly signed by SDV1, when, in fact, SDV1 had not signed the document and had no knowledge or involvement in soliciting this set-aside SDVOSB contract. Based on these false and fraudulent representations, the VA awarded CA Services this contract.

g. On or about December 28, 2009, CA Services, through Defendant and his co-conspirators, registered CA Services in the CCR and falsely identified SDV1 as the primary point of contact for the company.

h. On or about April 23, 2010, Defendant and his co-conspirators, in support of CA Services application for VA set-aside contract #251C0852 (Ann Arbor VAMC Linear Accelerator Project), submitted false and fraudulent documents, falsely representing that CA Services qualified as an SDVOSB and purportedly signed by SDV1, when, in fact, SDV1 had not signed the document and had no knowledge or involvement in soliciting this set-aside SDVOSB contract. Based on these false and fraudulent representations, the VA awarded CA Services this contract.

i. On or about April 27, 2010, Defendant and his co-conspirators, in support of CA Services application for VA set-aside contract #250C0542 (Cleveland VAMC General Renovations Project), submitted false and fraudulent documents, falsely representing that CA Services qualified as an SDVOSB and purportedly signed by SDV1, when, in fact, SDV1 had not signed the document and had no knowledge or involvement in soliciting this set-aside SDVOSB contract. Based on these false and fraudulent representations, the VA awarded CA Services this contract.

j. On or about April 28, 2010, Defendant facilitated the submission of VA form 0877, which purported to have been signed by SDV1 and affirmed that CA Services complied with all of the eligibility requirements of an SDVOSB.

k. On or about May 6, 2010, Defendant, in support of CA Services application for VA set-aside contract #251C0823 (Ann Arbor VAMC Site Security Lighting), submitted false and fraudulent documents, falsely representing that CA Services qualified as an SDVOSB and purportedly signed by SDV1, when, in fact, SDV1 had not signed the document and had no knowledge or involvement in soliciting this set-aside SDVOSB contract. Based on these false and fraudulent representations, the VA awarded CA Services this contract.

l. At some time in or around 2010, Defendant and his co-conspirators created a false and fictitious CA Services' email account that purported to be affiliated and used by SDV1, in connection with J.R's work for CA Services. In truth and in fact, and as Defendant then well knew, SDV1 had no role in CA Services business operations at that time and never used or accessed any CA Services email account.

m. On or about May 7, 2010, Defendant caused a letter to be sent to the VA that purported to be from SDV1, and contained numerous false statements, including: (1) that

SDV1 exerted financial and management control over substantive "day to day" management issues at CA Services, (2) SDV1 maintained the large majority of ownership – and all control – of CA Services, and (3) that Defendant's role with CA Services was limited to "controller and financial manager" for SDV1.

    n.    On or about June 10, 2010, Defendant sent or caused to be sent an email from the fictitious SDV1 CA Services email account, to the VA, in connection to the Cleveland VAMC General Renovations Project.

    o.    On or about April 14, 2011, Defendant and his co-conspirators registered CA Services in ORCA and confirmed that they understood the requirements of an SDVOSB. SDV1 was listed as the point of contact for CA Services.

    p.    On or about April 13, 2012, Defendant and his co-conspirators re-registered CA Services in ORCA and again confirmed that they understood the requirements of an SDVOSB, as well as listing SDV1 as the point of contact for CA Services.

    q.    In or around June 2014, Defendant and his co-conspirators registered CA Services with numerous other government-contracting databases, and listed SDV1 as the point of contact for CA Services.

17.    As a result of Defendant and his co-conspirators' misrepresentations and false and fraudulent statements, the federal government paid CA Services a total of $11,891,243.45 for the six SDVOSB contracts.

<u>The Use of Interstate Wires</u>

18.    On or about June 27, 2014, in the Northern District of Ohio and elsewhere, Defendant, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, transmitted and caused to be transmitted by means of wire

8

communication in interstate commerce, writings, signs, signals, pictures and sounds, to wit: Defendant caused a false and fictitious registration and certification document to be submitted electronically to the System for Award Management, a government contracting database, in which CA Services falsely identified SDV1 as the point of contact for CA Services.

In violation of Title 18, United States Code, Section 1343

JUSTIN E. HERDMAN
United States Attorney

By: *[signature]*
ROBERT W. KERN
Chief, White Collar Crimes Unit